# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO TORRES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ARELLANO, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-00575 DAD DLB PC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO MODIFY DISCOVERY AND SCHEDULING ORDER<br>(Document 37)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL WITHOUT PREJUDICE<br>(Documents 35 and 36) |

Plaintiff Gustavo Torres ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Defendants filed their answer on January 12, 2016, and the action is now in discovery.

Pursuant to the January 13, 2016, Discovery and Scheduling Order, motions based on exhaustion are currently due by April 12, 2016.

On March 30, 2016, and April 1, 2016, Plaintiff filed two documents that appear to raise discovery issues.

On April 5, 2016, Defendants filed a motion to modify the Discovery and Scheduling Order.

The Court deems all motions suitable for decision without further briefing. Local Rule 230(l).

///

///

1

### A.    MODIFICATION OF DISCOVERY AND SCHEDULING ORDER

Modification of the pretrial scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking the modification." *Johnson*, 975 F.2d at 609. "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic*, 302 F.3d at 1087 (quoting *Johnson*, 975 F.2d at 609).

Here, Defendants seek an extension of the April 12, 2016, exhaustion motion deadline because they need to take Plaintiff's deposition to properly evaluate the exhaustion issue. Plaintiff's deposition was initially scheduled for March 25, 2016, but it was later re-noticed to April 18, 2016, after a possible issue with notice arose. Defendants ask for an extension to June 13, 2016, which is also the discovery deadline, to allow for time to analyze the testimony and prepare a motion.

Defendants must be given time to explore the exhaustion issue, *Albino v. Baca,* 747 F.3d 1162 (9th Cir. 2014), and there does not appear to be any indication that Defendants have not been diligent in the matter.[1] Plaintiff will not be prejudiced by the extension, as discovery will continue.

Accordingly, Defendants' motion is GRANTED. A motion for summary judgment based on exhaustion must be filed by June 13, 2016.

### B.    PLAINTIFF'S DISCOVERY MOTIONS

Plaintiff has filed two motions related to discovery, though the exact nature of the disputes, if any, is unclear. In his March 30, 2016, filing, Plaintiff asks the Court to compel Defendants' counsel to produce documents related to any prior complaints or disciplinary actions against Defendants

---

[1] In her declaration, Danielle R. Hemple indicates that she spoke with Plaintiff by phone on March 28, 2016, and told him of her intent to file this motion. Hemple Decl. ¶ 7. Plaintiff indicated that he opposed such an extension. Plaintiff filed a motion on April 1, 2016, in which he references the conversation with counsel. Plaintiff states that Ms. Hemple indicated that she would file a "motion for deposition," and that he wanted to oppose the motion. Plaintiff also suggests that Defendants have not complied with the discovery order by failing to "obtain a necessary extension from the courts or confer in advance with Plaintiff Torres as soon as the need for an extension became apparent." ECF No. 36, at 2. It does not appear, however, that Defendants have missed any deadlines, and the only deadline related to Plaintiff's deposition would be the June 13, 2016, discovery deadline. To the extent Plaintiff is referencing the notice requirement for his deposition, Ms. Hemple appears to have remedied any such issue by re-noticing the deposition.

prior to their employment at Tehachapi. He states that on March 27, 2016, he mailed Ms. Hemple a meet and confer letter, but he has not received completed discovery.[2] It is not evident, however, whether any discovery was actually served on Defendants, or whether Plaintiff believes that this discovery should have been included in the initial disclosure.

Plaintiff's April 1, 2016, filing is also unclear. As explained above, it appears that this motion is some kind of preemptive filing to a possible motion by Defendants, perhaps the motion to modify the Discovery and Scheduling Order. Again, however, it is unclear whether this motion relates to any discovery that was actually served on Defendants.

Without a straightforward recitation of the discovery at issue and any alleged deficiencies, Defendants cannot respond to the motions and the Court cannot analyze any issues. Accordingly, Plaintiff's motions to compel are DENIED WITHOUT PREJUDICE.

In the future, if a discovery dispute arises, the Court provides the following information to assist Plaintiff in bringing a motion to compel. Generally, "[t]he party opposing discovery bears the burden of resisting disclosure," *Rogers v. Giurbino*, 288 F.R.D. 469, 479 (S.D. Cal. 2012) (citation omitted), but in cases such as this, the parties were relieved of the meet and confer requirement and the requirement that they file a joint statement regarding their discovery disagreement, Fed. R. Civ. P. 26(c)(1), 37(a)(1); Local Rule 251. As a result, Plaintiff bears an initial procedural burden in moving to compel; the Court is disinclined to sift through the parties' discovery requests and responses in an effort to determine what is in dispute and why it is in dispute. Fed. R. Civ. P. 7(b)(1). **Plaintiff must identify which discovery requests are at issue and why he is entitled to the relief he seeks (e.g., why the information is relevant and why the objections lack merit).** *E.g.*, *Grabek v. Dickinson*, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012).

IT IS SO ORDERED.

Dated:   **April 13, 2016**           /s/ Sandra M. Snyder
                                      UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff's motion was signed on March 27, 2016.

3