# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO TORRES,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ARELLANO, et al.,<br><br>　　　　　　Defendants. | Case No. 1:15-cv-00575 DAD DLB PC<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL<br><br>(Document 42) |

Plaintiff Gustavo Torres ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Defendants filed their answer on January 12, 2016, and the action is now in discovery.

Pursuant to the January 13, 2016, Discovery and Scheduling Order, the discovery cut-off is June 13, 2016.

On April 25, 2016, Plaintiff filed a motion to compel. Defendants opposed the motion on May 16, 2016. Plaintiff did not file a reply and the matter is deemed submitted pursuant to Local Rule 230(l).

**A.    LEGAL STANDARD**

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted).

1

Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* (quotation marks omitted).

Generally, "[t]he party opposing discovery bears the burden of resisting disclosure," *Rogers v. Giurbino*, 288 F.R.D. 469, 479 (S.D. Cal. 2012) (citation omitted), but in cases such as this, the parties were relieved of the meet and confer requirement and the requirement that they file a joint statement regarding their discovery disagreement, Fed. R. Civ. P. 26(c)(1), 37(a)(1); Local Rule 251. As a result, Plaintiff bears an initial procedural burden in moving to compel; the Court is disinclined to sift through the parties' discovery requests and responses in an effort to determine what is in dispute and why it is in dispute. Fed. R. Civ. P. 7(b)(1). Plaintiff must identify which discovery requests are at issue and why he is entitled to the relief he seeks (e.g., why the information is relevant and why the objections lack merit). *E.g.*, *Grabek v. Dickinson*, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); *Womack*, 2011 WL 6703958, at *3; *Mitchell v. Felker*, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); *Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

**B.     DISCUSSION**

Plaintiff's first request for discovery was served on Defendants on March 27, 2016. The request was titled, "Informal Request to Meet and Confer," and set forth a request for discovery related to Defendants' prior history of complaints. ECF No. 42, at 4.[1] Defendants overlooked the procedural issues with Plaintiff's request and interpreted it as a discovery request.

On April 29, 2016, the day the responses were due, Defendants objected and produced an additional 96 pages of documents notwithstanding their objections. Defendants also produced a privilege log and a declaration in support of their assertion of the official information privilege.

///
///
///
///
///

---

[1] Defendants state that the version attached to Plaintiff's motion to compel as Exhibit A "differs slightly" from the version they received. ECF No. 48, at 2. However, the discovery request was substantively the same.

This motion, signed by Plaintiff on April 21, 2016, was therefore filed prior to the time Defendants' responses were due.  Accordingly, the motion is DENIED WITHOUT PREJUDICE as premature.

IT IS SO ORDERED.

Dated: __**June 1, 2016**__          _____**/s/ Sandra M. Snyder**
                                                         UNITED STATES MAGISTRATE JUDGE