UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO TORRES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. GUTIERREZ, et al.,<br><br>　　　　Defendants. | Case No.  1:15-cv-00575-DAD-MJS (PC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF INTENTION NOT TO FILE EXHAUSTION MOTION**<br><br>**(ECF No. 58)**<br><br>**CLERK TO STRIKE ECF NO. 57**<br><br>**THIRTY DAY DEADLINE TO FILE MOTION FOR SUMMARY JUDGMENT** |

　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's Eighth Amendment conditions of confinement claims against Defendants Arellano and Montanez and First Amendment retaliation claim against Defendant Montanez.

　　　On June 24, 2016, Defendants filed a notice of intention not to file a motion for summary judgment for failure to exhaust. (ECF No. 52.) Defendants reserved the right to raise the issue of exhaustion at trial. (Id.)

　　　On July 25, 2016, Plaintiff filed a response to Defendants' notice. (ECF No. 57.)

Therein, Plaintiff argues that he did, in fact, exhaust his administrative remedies; he also presents evidence in support. He asks the Court to "grant" summary judgment in Plaintiff's favor on the issue of exhaustion. He also appears to ask the Court to grant judgment in his favor on the merits on his claims.

On August 15, 2016, Defendants filed the instant motion to strike Plaintiff's response, construed as a motion for summary judgment on exhaustion grounds, as untimely and procedurally defective or, in the alternative, grant Defendants an extension of time until thirty days after the Court issues its ruling, to oppose Plaintiff's motion. (ECF No. 58.)

To the extent Plaintiff opposes a present or future claim that he failed to exhaust his administrative remedies, that opposition is premature. Defendants have not claimed that Plaintiff failed to exhaust. The Court will not, at this stage, issue any rulings related to exhaustion. The Court therefore disregards Plaintiff's arguments on this issue.

To the extent Plaintiff seeks judgment in his favor on the merits of his claims, Defendants are correct that Plaintiff's motion is procedurally defective. A party moving for summary judgment must enumerate each fact relied upon in support of his motion and cite to particular portions of the record, including pleadings, depositions, or affidavits, that support each claim. Fed. R. Civ. P. 56(c); Local Rule 260(a). At present, Plaintiff's motion is vague and nonspecific and the Court cannot determine the basis for his arguments.

Pursuant to the Discovery and Scheduling Order, the dispositive motions deadline was August 10, 2016. (ECF No. 27.) In the interest of fairness, the Court will grant Plaintiff **thirty (30)** days from the date of this order to renew his motion for summary judgment on the merits. If Plaintiff chooses to so file, he must comply with both the Federal Rules of Civil Procedure and the Eastern District Local Rules. He may <u>not</u> renew his arguments regarding exhaustion. No extensions will be granted absent a showing of good cause.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to strike (ECF No. 58) is GRANTED;
2. The Clerk of Court shall strike ECF No. 57 from the record; and
3. Plaintiff is granted **thirty (30)** days from the date of this order to file a motion for summary judgment on the merits.

IT IS SO ORDERED.

Dated:   February 1, 2017                  /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE