UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO TORRES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. GUTIERREZ, et al.,<br><br>　　　　Defendants. | Case No.  1:15-cv-00575-DAD-MJS (PC)<br><br>**ORDER VACATING ECF NO. 68**<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STRIKE ECF NO. 57 (ECF NO. 58)**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT WITHOUT PREJUDICE (ECF NO. 57)**<br><br>**THIRTY DAY DEADLINE TO FILE MOTIONS FOR SUMMARY JUDGMENT** |

　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's Eighth Amendment conditions of confinement claims against Defendants Arellano and Montanez and First Amendment retaliation claim against Defendant Montanez.

　　　On June 24, 2016, Defendants filed a notice of intention not to file a motion for summary judgment for failure to exhaust. (ECF No. 52.) Therein, Defendants stated the

intent to reserve the right to raise the issue of exhaustion at trial. (Id.)

On July 25, 2016, Plaintiff filed a document styled, "Response to Defendants' Notice of Intention not to File Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies. And Motion for Summary Judgment on Plaintiff's Behalf." (ECF No. 57.) Plaintiff there argues that he did, in fact, exhaust his administrative remedies, and he presents evidence in support of that argument. He asks the Court to grant summary judgment in his favor on the issue and to rule in his favor on the merits on his claims.

On August 15, 2016, Defendants filed a motion to strike Plaintiff's response, construed as a motion for summary judgment on exhaustion grounds, as untimely and procedurally defective or, in the alternative, to grant Defendants an extension of time, until thirty days after the Court issues its ruling, to oppose Plaintiff's motion. (ECF No. 58.)

On February 1, 2017, the Court issued an order striking ECF No. 57, as a procedurally defective motion for summary judgment, but the Court nevertheless authorized Plaintiff to file a new motion for summary judgment in compliance with Federal Rule of Civil Procedure 56(c) and Local Rule 260(a) within thirty (30) days. (ECF No. 68.) In addition, the Court, mistakenly perceiving Plaintiff's filing at ECF No. 57 as an opposition to a motion Defendants did not file, directed Plaintiff not to renew arguments regarding exhaustion in a new motion for summary judgment. (Id.) As worded, such direction could serve to preclude Plaintiff from filing a motion for summary judgment on the issue of exhaustion. On reflection, the Court concludes its said directive was misguided and lacking in sound legal authority and reason. Accordingly, the Court's prior order will be vacated.

As Defendants point out, Plaintiff's motion for summary judgment, ECF No. 57, was filed after the exhaustion motion deadline and lacks a Statement of Undisputed Facts as required in Local Rule 260. Given Defendants' attempt to reserve the right to raise exhaustion at a later date, the lateness of Plaintiff's motion will be excused. To the

extent Plaintiff believes he can show that there exists no genuine issue of material fact on the issue of exhaustion, he may renew his motion for summary judgment by re-filing a motion that complies with the applicable procedural rules within **thirty (30) days** of the date of this order. Plaintiff also may file a motion for summary judgment on the merits of his claims within **thirty (30) days**. The motion filed at ECF No. 57 will be denied without prejudice due to procedural defects. Defendants' motion to strike ECF No. 57 will be denied.

As noted, Defendants purported by their filing at ECF No. 52 to reserve the right to raise at trial the issue of whether Plaintiff exhausted his administrative remedies. The Court's need, and inherent power, to control its docket, Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986), and move cases along efficiently and economically renders it impractical to postpone addressing the exhaustion issue until trial. The issue of whether or not a plaintiff has exhausted his administrative remedies is an issue decided by the Court, not a jury, and often requires an evidentiary hearing. Albino v. Baca, 747 F.3d 1162, 1168 (9th Cir. 2014). Additionally, it is an issue to be resolved as early in the case as feasible. Id. at 1170.

Waiting until trial to address that issue risks wasting jury time and confusing the jury if such issue is tried along with other jury issues; alternatively the Court would have to delay the start of trial of jury issues until the question of exhaustion had been addressed and resolved by the Court. The Court will not risk such juror confusion, and its docket, one of the heaviest in the nation, cannot indulge such delay. Accordingly, if Defendants wish to pursue their affirmative defense of failure to exhaust they must file a motion for summary judgment thereon within **thirty (30) days** of the date of this order. If Defendants believe factual disputes preclude addressing the issue on summary judgment, they may instead request that the matter proceed directly to an evidentiary hearing. Such request likewise shall be made within **thirty (30) days.**

Accordingly, IT IS HEREBY ORDERED that:

1. ECF No. 68 is VACATED;

2. Defendants' motion to strike (ECF No. 58) is DENIED;

3. Plaintiff's motion for summary judgment (ECF No. 57) is DENIED without prejudice;

4. Plaintiff may file a motion for summary judgment on the issue of exhaustion and/or on the merits of his claims within **thirty (30) days** of the date of this order, but not beyond that date; and

5. Defendants may file a motion for summary judgment on exhaustion or request an evidentiary hearing within **thirty (30) days** of the date of this order, but not beyond that date.

IT IS SO ORDERED.

Dated: February 3, 2017          /s/ *Michael J. Seng*
                                                          UNITED STATES MAGISTRATE JUDGE